PASSAIC FIREMEN'S RELIEF ASSOCIATION, RELATOR, v. FRANK H. SMITH, COMMISSIONER OF BANKING AND INSURANCE OF THE STATE OF NEW JERSEY, DEFENDANT.

Submitted March 18, 1920—Decided June 9, 1920.

1. The act of 1885 (*Pamph. L.*, *p.* 144) provides for the incorporation of firemen's relief associations, forbidding more than one in any municipality. Under this statute the relator organized such an association made up of the members of the fire department of the city of Passaic, New Jersey, who were doing active fire duty as volunteers. In 1894, this statute was amended by providing that if a paid fire department was organized in any municipality to take the place of the old organization, and the members of the paid fire department should form a relief association, then an existing relief association could transfer all its property to any exempt firemen's association in the municipality. A paid fire department was established in 1910, in the city of Passaic, and the relief association organized by the volunteers' department, availing itself of the act, transferred all its property to an exempt firemen's relief association, and thereafter the tax levied on certain insurance premiums, as designated and allowed by law, was paid to the new relief association. From that time the relator neglected to file, with the proper state officer, the state-

ments and reports required by law from relief associations enti-
tled to a share of the tax. In 1915, the act of 1894 was repealed
and the relator claims that by the repealer the original act was
revived, and because under it but one such association is per-
mitted in any municipality, it is entitled to preference in pay-
ment, as it was the first association incorporated. *Held,* that the
repealer of the act of 1894 did not take from the new association
rights with which it was vested under it, and that it continued
to exist and was under the circumstances entitled to preference
in payment.

2. The statute relating to the distribution of the tax provides that
no part of the tax should be paid to any relief association which
did not file certain required statements and reports with the
proper state department. This the relator did not do, and
therefore no duty rested on the defendant as a state officer to
make any payment to the relator which should be enforced by
*mandamus,* for by plain words of the statute he was forbidden
to do so.

On rule to show cause why a writ of *mandamus* should not
issue.

Before Justices TRENCHARD, BERGEN and KALISCH.

For the relator, *Ward & McGinnis.*

For the defendant, *Thomas F. McCrann,* attorney-general,
*William Newcorn,* assistant attorney-general, and *John R.
Hardin.*

The opinion of the court was delivered by

BERGEN, J.   The relator holds a rule to show cause, which
he now moves to be made absolute, why a *mandamus* should
not issue requiring the defendant to pay to the relator the
entire proportion of the funds payable to any firemen's relief
association of the city of Passaic, in this state, received by
the defendant, as commissioner of banking and insurance,
from a tax of two per cent. on premiums for insurance writ-
ten in this state by corporations not incorporated in this state
on property located here, which is by law payable to the duly
incorporated firemen's relief associations.   *Comp. Stat., p.*
2446, § 462; *Pamph. L.* 1885, *p.* 313.

· The facts are stipulated to be: That prior to 1895 there existed in the city of Passaic a fire department whose members, doing active fire duty, consisted of volunteers, who in that year incorporated "the Passaic Firemen's Relief Association;" that March 21st, 1910, the city of Passaic established a paid fire department in the place of the volunteer department; that March 22d, 1911, the members of the newly-established fire department organized and incorporated a new relief association named "the Passaic Paid Firemen's Relief Association;" that the relator, October 31st, 1910, as it lawfully could (*Pamph. L.* 1894, *p.* 383) transferred all of its funds and property to the "Association of Exempt Firemen of the City of Passaic," which since that time has administered the property so transferred; that the relator has not, for a number of years past, filed a report with the state departments as required by law, and since the formation of the new relief association it has been paid by the defendant the proper proportion of the two per cent. tax which was formerly paid to the relator. In 1917 the attorney-general of this state instituted proceedings in this court, by way of *quo warranto*, to test the right of the new association, the Passaic Paid Firemen's Relief Association, to exist, upon the ground that under the act of 1885 (*Comp. Stat., p.* 2341) not more than one firemen's relief association should be formed in any municipality. In that case (*Westcott* v. *Passaic Firemen's Relief Association,* 91 *N. J. L.* 501) the Supreme Court held that under the statute adopted in 1894 (*Pamph. L., p.* 385) it was the legislative intent that, when a volunteer department is changed to a paid department there may be formed a new association by the paid fire department, and affirmed the legal existence of the new relief association, and it must follow that, if but one relief association can exist in any municipality, then the Paid Firemen's Relief Association of Passaic was properly recognized by the defendant in distributing the tax, and that this relator is not entitled to any part of it. But it is now argued by the relator that the case last cited is not binding on us because it was decided under the act of

1894 (*Pamph. L., p.* 383), which had been previously repealed. Whether the court in determining the case last referred to considered the repealer of 1915 does not appear, but it is very certain that it had not been repealed when the new organization was incorporated, or when the relator accepted and acted under its provisions in turning over its funds and property to an exempt firemen's association, and the relator in thus depriving itself of the very object of its existence created a situation which amounted to a voluntary abandonment, under the law then in existence, of its further intention to pursue the object for which it was created. There is another, and it seems to us an insuperable barrier to the right of the relator to a *mandamus* which can only be allowed to enforce a duty when it is clearly established. Section 28 of the act of 1896 requires that on or before the 1st day of April in every year each local firemen's association shall cause to be filed with the secretary of state a sworn statement containing, among other things, the names of its officers and of its beneficiaries during the year next preceding the statement, the amount of money paid to each, also the receipts and expenses in detail, and the amount of money and other property in its possession, and how the money is invested or deposited, and shall also file a sworn duplicate thereof with the secretary of the New Jersey State Firemen's Association, and it is admitted that no such report has been filed for a number of years. It is also declared in the act requiring the payment of the tax from insurance companies (*Pamph. L.* 1885, *p.* 310, § 6) that "no firemen's relief association, nor any of the officers thereof, shall share in the distribution of, nor be entitled to have or receive any part of said money, unless it and they shall on or before the 1st day of April in each year file or cause to be filed with the secretary of state a sworn statement, showing the names of its representative, visitors, trustees and other officers, with the amounts of their respective fees or salaries, if any; also the names of its beneficiaries," and other matter required by the act of 1885 establishing such relief associations. There is no pretence that any such report

has been filed as required by law; without it the defendant cannot- be said to be under duty to pay any part of the tax to the treasurer of an association, if otherwise entitled to it, until it had complied with the law. Reference is made by the relator in its brief that the paid firemen's relief association cannot be injured by the allowance of the writ, because under the act of 1915 (*Pamph. L., p.* 473) its members become automatically, without any election, members and beneficiaries in an existing relief association, but that statute is not applicable because it is not retroactive. It was said by Mr. Justice Knapp, speaking for the Court of Errors and Appeals, in *Citizen's Gas Light Co.* v. *Alden,* 44 *N. J. L.* 648: "Laws, generally, are enacted for the regulation of future affairs and conduct, and to establish the basis upon which rights may thereafter under them be rested, and are not usually designed to alter or affect the quality of legal relations. * * * There must be found in the law such clear and indubitable expressions of the legislative design as precludes any other reasonable interpretation of the words used. The rule in the courts is, that retroactive effect would not be given to a statute when the words in it can be construed as designed to make it prospective only." The statute invoked is only applicable "where there shall exist a volunteer fire department," and we cannot infer from these words any attempt to make the act retrospective, besides it is not claimed that any volunteer department did exist in the city of Passaic on April 12th, 1915, when the act was adopted. The rule to show cause will be discharged, with costs.